People v Urena
2026 NY Slip Op 03888
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Kasey Urena, Defendant-Appellant.

Decided and Entered: June 18, 2026
SCI No. 73818/23|Appeal No. 6934|Case No. 2024-00231|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Margaret M. Crookston of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Laurie Peterson, J. at plea; Marisol Martinez Alonso, J. at sentencing), rendered October 20, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of three years of probation, unanimously modified, on the law, and as a matter of discretion in the interest of justice, to the extent of striking the conditions of probation requiring him to "[s]upport dependents and meet other family responsibilities," and to "[r]efrain from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant's valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US 1302 [2020]) forecloses review of his excessive sentence claim (see People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]). As an alternative holding, we perceive no basis for reducing defendant's sentence.
Defendant's valid appeal waiver also forecloses review of his constitutional challenges to the conditions of probation form and his vagueness and First Amendment challenges to probation conditions 7 and 25 insofar as they are as-applied challenges (see People v Tompson, 245 AD3d 609, 610 [1st Dept 2026]; Lombard, 241 AD3d at 1126). His constitutional claims are also unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]).
Defendant's non-constitutional challenges to his probation conditions survive his waiver of the right to appeal and do not require preservation (see Lombard, 241 AD3d at 1126; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). The sentencing court providently required defendant to "avoid injurious or vicious habits, refrain from frequenting unlawful or disreputable places; and not consort with disreputable people," so as to "insure that the defendant will lead a law-abiding life or to assist him to do so" (People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]), where defendant was arrested for selling four vials of crack cocaine to an undercover officer, and at the time of his arrest, possessed 6 vials, 1 twist, and 29 capsules of crack cocaine. Because defendant was selling crack cocaine, the court also providently ordered him to "[w]ork faithfully at a suitable employment or pursue a course of study or vocational training approved by the Department of Probation that can lead to suitable employment" as directed by the Department of Probation (see Penal Law 65.10[1], [2][c]).
[*2]
The People concede that there is no evidence to support requiring defendant, who has no children, to "[s]upport dependents and meet other family responsibilities" (see Penal Law 65.10[2][f]), or to support requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" (see Tompson, 245 AD3d at 610), and do not oppose vacatur of those conditions.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026